IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

EDNA M. SPOON and
WILLIAM S. SPOON,

        Plaintiffs,

v.                                           Civil Action No. 2:12-cv-04245

ETHICON, INC., et al.,

        Defendants.

MEMORANDUM OPINION AND ORDER

On November 16, 2016, a Suggestion of Death was filed by defendants' counsel suggesting the death of Edna Spoon during the pendency of this civil action. [ECF No. 38]. On November 21, 2016, a Suggestion of Death was filed by defendants' counsel suggesting the death of William Spoon during the pendency of this civil action. [ECF No. 39].

Pursuant to Federal Rule of Civil Procedure 25(a) and Pretrial Order ("PTO") # 308 (Requirements for Counsel to Deceased Plaintiffs) filed in In re: Ethicon, Inc. Pelvic Repair System Products Liab. Litig., 2:12-md-2327 [ECF No. 6218], the time to substitute a proper party for the deceased party has expired and there has been no motion to substitute the deceased party.

I.    Background

This action resides in one of seven MDLs originally assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse ("POP") and stress urinary incontinence ("SUI").

1

This particular case involves Tennessee co-plaintiffs, one of whom, Ms. Spoon, was implanted at Parkwest Medical Center in Knoxville, Tennessee with the TVT, a mesh product manufactured by Ethicon, Inc. Amnd. Short Form Compl. [ECF No. 19] ¶¶ 1-11. In November 2016, defendants' counsel filed Suggestions of Death noting the deaths of both plaintiffs during the pendency of this action. [ECF Nos. 38, 39].

## II. Legal Standards

### a. Rule 25

Rule 25 governs the process for substituting or dismissing a case after a plaintiff has died. *See* Fed. R. Civ. P. 25. The rule provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). This rule also states that, "[a] motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner." Fed. R. Civ. P. 25(a)(3). The above-mentioned 90-day clock does not begin to run until the decedent's successors or representatives are served with a statement noting death. *See Farris v. Lynchburg,* 769 F.2d 958, 962 (4th Cir. 1985). If the successor or representative is party to the action, service must be made on the party's attorney. Fed. R. Civ. P. 5(b)(1).

Whether a claim is extinguished is determined by the substantive law of the jurisdiction in which the cause of action arose. *See Robertson v. Wegmann,* 436 U.S. 584, 587 n.3 (1991) (explaining that a claim is not extinguished if the jurisdiction

2

allows the action to survive a party's death). Traditionally, state statutes expressly state whether a claim survives a deceased party and to whom survivorship is allowed. *Id.* at 589. If a case includes multiple plaintiffs, the death of one plaintiff does not cause an abatement of the claims for the remaining parties. *See* Fed. R. Civ. P. 25(a)(2) ("After a party's death, if the right sought to be enforced survives only to or against the remaining parties, the action does not abate, but proceeds in favor of or against the remaining parties.").

### b. PTO # 308

In Pretrial Order ("PTO") # 308, the court required that "[f]or any case in which plaintiff's counsel subsequently learns of the death of his or her client, plaintiff's counsel shall file the suggestion of death within 120 days of counsel's learning of the death." Pretrial Order # 308, p. 3, 2:12-md-2327 [ECF # 6218]. In addition, the court directed that

> within the same 120-day period, plaintiff's counsel must serve the suggestion of death on the parties and appropriate nonparties as described above, and file proof of such service with the court. The ninety-day substitution period provided by Rule 25(a) will commence upon the filing and proper service of the suggestion of death. In the event that plaintiff's counsel fails to file the suggestion of death and properly serve it on the appropriate nonparties, the ninety-day substitution period will commence 120 days after the entry of this Order or 120 days after counsel's learning of the death of his or her client, whichever is later.

*Id.* at 3–4.

While this burden is on plaintiffs' counsel, defendants' counsel may also file a suggestion of death on the record. "The filing of the suggestion of death by defendant's counsel places plaintiff's counsel on notice of his or her client's death, and therefore commences the 120-day period within which plaintiff's counsel must serve the

3

suggestion of death on the appropriate nonparties." *Id.* at 4. If they should fail to serve the suggestion of death, the ninety-day substitution period commences 120 days after Defendants' counsel filed the suggestion of death. *Id.*

### III. Analysis

The defendants filed a Suggestion of Death on November 16, 2016, noting that Ms. Spoon died while this litigation was pending. [ECF No. 38]. The defendants filed a Suggestion of Death on November 21, 2016, noting that Mr. Spoon died while this litigation was pending. [ECF No. 39]. On September 5, 2018, plaintiffs' counsel filed a Suggestion of Death asserting the same. [ECF No. 51]. On December 5, 2018, plaintiffs' counsel filed an affidavit confirming service of the Suggestion of Death on Mary Spoon. [ECF No. 56]. Pursuant to Rule 25(a)(1) and PTO # 308 the time for substituting any party or non-party for the deceased plaintiffs has passed.

Rule 25(a)(1) provides the sole procedural device allowing decedent's successor or representative to step into either Ms. Spoon's or Mr. Spoon's shoes and pursue litigation on their behalf. *See* Fed. R. Civ. P. 25(a)(1) ("A motion for substitution may be made by any party or by the decedent's successor or representative."). No non-party successor or representative has complied with the substitution requirements of Rule 25(a)(1) within the time requirements as set for in Rule 25(a) and PTO # 308. Accordingly, the court **ORDERS** that the claims of Edna Spoon and William Spoon are **DISMISSED without prejudice**.

### IV. Conclusion

It is **ORDERED** that the claims of the plaintiffs Edna and William Spoon against Ethicon, Inc, Ethicon Women's Health and Urology, Gynecare and Johnson

& Johnson are **DISMISSED** without prejudice pursuant to Rule 25(a)(1) and PTO # 308, and this case is dismissed and stricken from the docket. Any remaining pending motions are **DENIED** as moot.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record any unrepresented party.

ENTER: November 3, 2020

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE